# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIT PETROLEUM COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 14-CV-0105-CVE-TLW ) |
| WILLIAM A. VEITCH, KT CAPITAL CORP f/k/a PETROHUNTER ENERGY, LTD., ASHLEY TUMLESON, previously named as Ashley Tumelson, STEVEN SIMONYI-GINDELE, and PETROHUNTER ENERGY, INC. | ) ) ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are the Motion of William A. Veitch for Leave to File Amended Answer (Dkt. # 84) and the Motion of Petrohunter Energy, Inc. for Leave to File Amended Answer (Dkt. # 85). Defendants William A. Vietch and Petrohunter Energy, Inc. (Petrohunter) request leave to file amended answers alleging affirmative defenses of laches, good faith, and unclean hands to plaintiff Unit Petroleum Company's (Unit) demand for attorney fees. Unit objects to defendants' motions to amend on the grounds of delay and futility.

Unit filed this interpleader action seeking to deposit with the Court revenue from certain oil and gas wells, because Unit was holding funds for the benefit of Petrohunter Energy, Inc.[1] but it was

---

[1] A key issue in this case is the corporate identity of Petrohunter Energy, Inc. and/or its successor, because Unit claims that Petrohunter Energy, Inc. ceased to be a going concern and that it was unclear who was entitled to the funds. In this Opinion and Order, the Court will not consider whether the named defendant, Petrohunter, is the same entity or a successor entity to the Petrohunter Energy, Inc. for which the interpled funds were held by Unit. Throughout this Opinion and Order, the Court will refer to the named defendant as Petrohunter and the Court will identify the party for which Unit held the interpled funds as Petrohunter Energy, Inc.

unclear who was entitled to the funds. Unit alleges that the total amount of funds held for Petrohunter Energy, Inc. is $277,069.58, and this amount has been deposited with the Court. Dkt. # 10. However, defendants dispute that Unit has deposited the full amount of the oil and gas revenues owed to Petrohunter Energy, Inc., and the parties have been permitted to conduct discovery concerning the proper amount of the funds that should be deposited with the Court to discharge Unit's obligations to defendants. Dkt. # 75. Unit states that it will seek to recover its attorney fees incurred in this interpleader action from the amount deposited with the Court. Dkt. # 57, at 5. Petrohunter and Veitch[2] oppose Unit's request for attorney fees, and they request leave to file amended answers[3] asserting affirmative defenses going to the issue of attorney fees. Dkt. # 84, at 2; Dkt. # 85, at 2.

Petrohunter and Veitch request leave to amend their answers to assert affirmative defenses going to Unit's demand for attorney fees. Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v. Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999).

---

[2] Veitch claims that he is the owner and president of Petrohunter. Dkt. # 24, at 5.

[3] Veitch has filed an amended answer (Dkt. # 47) and he requests leave to file a second amended answer.

2

Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." Duncan v. Manager, Dept' of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

Petrohunter and Veitch seek to amend their answers to allege affirmative defenses in opposition to Unit's request for attorney fees.[4] Unit argues that the proposed amended answers of Petrohunter and Veitch do not allege enough facts to plausibly state the affirmative defenses of laches, good faith, or unclean hands, and that the proposed amendments would be futile. Dkt. # 88, at 2; Dkt. # 89, at 2. Unit claims that Petrohunter and Veitch knew of the facts giving rise to these affirmative defenses before they filed their original answers, and they unduly delayed when seeking leave to amend. Finally, Unit argues that attorney fees are a collateral issue that are ordinarily resolved in post-judgment proceedings, and it is unnecessary for Petrohunter and Veitch to amend their answers to raise affirmative defenses relating to attorney fees.

Unit claims that the proposed amendments would be futile because the affirmative defenses alleged by Petrohunter and Veitch would not survive a motion to dismiss. Unit argues that affirmative defenses must comply with the pleading standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), and the proposed amended answers of Petrohunter and Veitch fail to state sufficient facts in support of their affirmative defenses. Federal courts are split on whether Twombly and Iqbal apply to affirmative

---

[4] The Court notes that Petrohunter and Veitch devote much of their briefing to issues going to the merits of the case, particularly Petrohunter's and Veitch's allegations that Unit has not deposited the full amount of its liability and that Unit has engaged in bad faith conduct. These issues do not relate to the motions to amend and will not be addressed in this Opinion and Order.

defenses. See Collura v. Ford, 2014 WL 3437733 (E.D. Pa. July 15, 2014); Federal Deposit Insurance Corp. v. Giannoulias, 2014 WL 3376892 (N.D. Ill. July 10, 2014); Wells v. Hi Country Auto Group, 982 F. Supp.2d 1261, 1263-64 (D.N.M. 2013); H.S. Field Services, Inc. v. CEP Mid-Continent, LLC, 2013 WL 5407862 (N.D. Okla. Sep. 25, 2013). In this case, it unnecessary for the Court to resolve this legal issue, because the proposed amended answers of Petrohunter and Veitch allege sufficient facts to give Unit notice of the basis for the affirmative defenses. Unit views the affirmative defenses in isolation and it ignores the 26 paragraphs of allegations that precede the explicit statement of the affirmative defenses. The proposed amended answers give Unit adequate notice of the factual basis for Petrohunter's and Vietch's opposition to Unit's request for attorney fees, and the Court does not find that the motions to amend should be denied on the ground of futility.

Unit argues that Veitch knew of the facts giving rising to the affirmative defenses that he now seeks to allege well before the case was filed, and the motions to amend should be denied due to Petrohunter's and Veitch's undue delay in seeking to assert these defenses. In the Tenth Circuit, a motion to amend may be denied "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206. Petrohunter and Veitch are seeking to assert affirmative defenses in response to Unit's statement that it intends to recover attorney fees out of the funds deposited with the Court, and it was not clear when the case was filed that Unit would seek attorney fees. After learning that Unit would seek attorney fees, Petrohunter and Veitch notified Unit that it would request leave to file amended answers asserting affirmative defenses in opposition to Unit's demand for attorney fees. Dkt. # 90-2, at 1. The Court finds that Petrohunter and Veitch have an

4

adequate explanation for any delay in filing their motions to amend, and undue delay is not a reason to deny the motions to amend.

Unit argues that attorney fees is a collateral issue that is ordinarily resolved in post-judgment proceedings, and it is unnecessary for Petrohunter and Veitch to amend their answers to include defenses to Unit's request for attorney fees. In the ordinary case, Unit would be correct that attorney fees are collateral to the merits of the case. However, Unit seeks to subtract attorney fees from the amount deposited with the Court, and this would reduce the amount that is eventually distributed to the appropriate defendant or defendants. This directly affects the amount of funds available to the interpleader claimants and this is a situation in which a party's right to recover attorney fees is not a collateral issue, and attorney fees will likely be resolved before the entry of a judgment. The Court finds that Petrohunter and Veitch should be permitted to file amended answers asserting affirmative defenses to Unit's request for attorney fees.

**IT IS THEREFORE ORDERED** that the Motion of William A. Veitch for Leave to File Amended Answer (Dkt. # 84) and the Motion of Petrohunter Energy, Inc. for Leave to File Amended Answer (Dkt. # 85) are **granted**. Petrohunter's amended answer and Veitch's second amended answer are due no later than **August 1, 2014**.

**DATED** this 28th day of July, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE